**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:11-cv-01242-DME-CBS

DAVID WALKER,

    Plaintiff,

v.

ARTURO ZEPEDA,
in his individual and official capacities,
BRIAN P. SAUPE,
in his individual and official capacities,
JONATHAN DEDIEMAR,
in his individual and official capacities,
ALEKSANDR GRAHAM,
in his individual and official capacities, and
CITY OF AURORA,
a municipality,

    Defendants.

---

**ORDER GRANTING STIPULATED MOTION TO DISMISS INDIVIDUAL
DEFENDANTS AND MOTION TO RECAPTION; AND
DENYING DEFENDANT CITY OF AURORA'S MOTION TO DISMISS
AND MOTION FOR SANCTIONS**

---

    This matter comes before the Court on Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) (Doc. 37), Defendants' Motion for Sanctions under Fed. R. Civ. P. 11(c) (Doc. 38); and the Stipulated Motion for Dismissal with Prejudice of All Claims Against Defendants Zepeda, Saupe, Dediemar, and Graham and Motion to Recaption (Doc. 54). The Court GRANTS the Stipulated Motion for Dismissal of Defendants Zepeda, Saupe, Dediemar, and Graham and the Motion to Recaption. For the reasons that follow, the Court DENIES the remaining Defendant City of Aurora's Motion to Dismiss and Motion for Sanctions.

A.      **Background**

This case arises out of the arrest of Plaintiff David Walker ("Walker") in the early morning hours of May 10, 2009. The following facts are taken from Walker's Complaint, which the Court takes as true when considering a motion to dismiss, see Doe v. City of Albuquerque, 667 F.3d 1111, 1118 (10th Cir. 2012), as well as portions of the public record of Walker's arrest and prosecution, of which the Court takes judicial notice pursuant to Fed. R. Evid. 201(c)(2).[1] See Grynberg v. Koch Gateway Pipeline Co., 390 F.3d 1276, 1278 n.1 (10th Cir. 2004) (facts subject to judicial notice may be taken into account without converting a motion to dismiss into a motion for summary judgment).

Walker alleges the following: early in the morning of May 10, 2009, Aurora, Colorado, police officers were called to the home of Walker and his wife, Cynthia. Doc. 1 at ¶ 11. Aurora Police Officers Arturo Zepeda and Aleksandr Graham entered the home without a warrant and located Walker in a room at the back of the house. Id. ¶¶ 14-16. At some point after or during the officers' conversation with Cynthia Walker, Officer Graham fired his Taser at Walker, hitting Walker in the chest. Id. ¶¶ 17-18. Officer Zepeda struck Walker in the chest and stomach with his Taser. Id. ¶ 19. Walker collapsed to the ground, and Officer Zepeda used his Taser on Walker at least six times. Id. ¶ 20. Additional officers arrived at the house and one of them, Officer Dediemar, repeatedly struck the still-prone and still-convulsing Walker with a police baton. Id. ¶¶ 22-25. Another officer, Officer Saupe, used his Taser on Walker. During all of

---

[1] Defendants request that this Court take judicial notice of the certified copies of the following documents, certified copies of which are attached to its Motion to Dismiss: (1) "City of Aurora Summons and Complaint: Summons J110044," dated May 11, 2009; (2) "Plea Agreement," dated August 11, 2009; and (3) "Judgment and Order Granting Supervised Probation," dated November 4, 2009.

this, multiple officers also "hit and kicked" Walker. Id. ¶ 27. As a result of this incident, Walker suffered multiple injuries, including wounds, lacerations, contusions, stress, and possibly permanent nerve damage. Id. ¶ 28.

The Aurora Municipal Court records reveal the following: a criminal complaint filed in Aurora Municipal Court and marked "domestic violence" charged Walker with resisting arrest, injury to property, display of a deadly weapon, failure to obey a police order, and causing harmful, painful, or offensive contact. Doc. 37, Exhibit A. Walker pled guilty to resisting arrest and injury to property, and the city dismissed the other charges. Doc. 37, Exhibit B. Walker received a suspended sentence of 60 days' imprisonment and 12 months' probation, was assessed fees and costs, and was ordered to attend domestic violence counseling and to "continue with [mental health] Treatment." Doc. 37, Exhibit C.

Walker filed this suit for damages under 42 U.S.C. § 1983, alleging a claim (now dismissed) of excessive force against four of the officers who played a role in his arrest, and a claim of municipal liability against the City of Aurora for failure to train and supervise its officers. The Defendants moved to dismiss under Fed. R. Civ. P. 12(b)(6), and moved for sanctions under Fed. R. Civ. P. 11(c). Walker and the individual Defendants subsequently moved for the dismissal of the individual Defendants from the case and to recaption the case.

**B.     Analysis**

    **1.     Standard of Review**

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6) the Court accepts as true all well-pleaded factual allegations in a complaint, and views those allegations in the light most favorable to the plaintiff. See Doe v. City of Albuquerque, 667 F.3d 1111, 1118 (10th Cir.

2012). Under Fed. R. Civ. P. 8(a)(2), the complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." But the complaint also "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A complaint that merely offers 'labels and conclusions,' or a 'formulaic recitation of the elements of a cause of action' is insufficient." Doe, 667 F.3d at 1118 (quoting Twombly, 550 U.S. at 555).

    **2.**    **Plaintiff's claim under § 1983 is not barred by Heck v. Humphrey**

As a threshold matter, the Court rejects Defendant's argument that Walker's § 1983 claim is barred under Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, the Supreme Court held that a state prisoner may not collaterally attack the validity of his state conviction by bringing an action under § 1983, unless the would-be § 1983 plaintiff can prove that the state "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 487. Put another way, if success in the § 1983 action would "necessarily imply the invalidity of [the would-be plaintiff's] conviction or sentence," id., then no action lies under § 1983. See id. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action [in these circumstances].").

Heck expressly addressed the "intersection" of § 1983 and habeas relief under 28 U.S.C. § 2254. 512 U.S. at 480. And while the Supreme Court has never confronted such facts, five Justices have, since Heck, expressed the view that Heck should not apply to bar a § 1983 action

by a plaintiff who is no longer in custody at the time of suit and who therefore lacks an available remedy in habeas.  See Spencer v. Kemna, 523 U.S. 1, 21 (1998) (Souter, J., concurring, joined by O'Connor, Ginsburg, and Breyer, J.J.) ("The better view, then, is that a former prisoner, no longer 'in custody,' may bring a § 1983 action establishing the unconstitutionality of a conviction or confinement without being bound to satisfy a favorable-termination requirement that it would be impossible as a matter of law for him to satisfy."); id. (Ginsburg, J., concurring) ("Individuals without recourse to the habeas statute because they are not in custody (people merely fined or whose sentences have been fully served, for example) fit within § 1983's broad reach.") (internal quotation marks omitted); id. at 25 n.8 (Stevens, J., dissenting) ("Given the Court's holding that petitioner does not have a remedy under the habeas statute, it is perfectly clear, as Justice SOUTER explains, that he may bring an action under 42 U.S.C. § 1983.").

Following the view of these Justices, the majority of the federal courts of appeals, including the Tenth Circuit, have permitted § 1983 actions to go forward in situations where the plaintiff was no longer in custody and thus could not seek habeas relief.  See Cohen v. Longshore, 621 F.3d 1311, 1317 (10th Cir. 2010) ("[A] petitioner who has no available remedy in habeas, through no lack of diligence on his part, is not barred by Heck from pursuing a § 1983 claim"); id. at 1315-16 (citing favorable cases from the Fourth, Sixth, Eleventh, Ninth, Second, and Seventh Circuits).  But see id. at 1315 (citing cases from the Eighth, Third, Fifth, and First Circuits that apply Heck's bar even to a § 1983 plaintiff who cannot challenge the related conviction or sentence through habeas).

The broad language in Spencer, quoted above, and in some of the pre-Cohen cases that refused to apply Heck's favorable-termination requirement to a § 1983 plaintiff who is not in

custody, could be read to suggest that the dispositive fact is whether the § 1983 plaintiff is "in custody" at the time of suit.  More recent cases, including Cohen, however, suggest that Heck might bar a § 1983 action by a plaintiff who is not in custody at the time of suit, but who nevertheless cannot demonstrate that habeas relief was, for some reason, a practical impossibility while he was in custody.  See Cohen, 621 F.3d at 1317 ("[A] petitioner who has no available remedy in habeas, through no lack of diligence on his part, is not barred by Heck from pursuing a § 1983 claim") (emphasis added); Wilson v. Johnson, 535 F.3d 262, 268 (4th Cir. 2008) ("If a prisoner could not, as a practical matter, seek habeas relief, and after release, was prevented from filing a § 1983 claim, § 1983's purpose . . . would be severely imperiled.") (emphasis added); Powers v. Hamilton Cnty. Pub. Defender Comm'n, 501 F.3d 592, 601 (6th Cir.2007) ("As an initial matter, Powers misstates the nature of the Heck limitation that Justice Souter has theorized.  What is dispositive in Powers's situation is not that he is no longer incarcerated, but that his term of incarceration—one day—was too short to enable him to seek habeas relief.  It seems unlikely that Justice Souter intended to carve out a broad Heck exception for all former prisoners.") (emphasis added); Guerrero v. Gates, 442 F.3d 697, 705 (9th Cir. 2006) (holding § 1983 claims barred under Heck where, despite the fact that plaintiff was not in custody at the time of suit, plaintiff had failed to pursue habeas relief during a nearly two-year incarceration, and did not file his § 1983 suit until three years after his release).

The Court need not determine whether the custodial status of a § 1983 plaintiff, standing alone, is dispositive, because Heck would not bar Walker's suit in any case.  Walker is indisputably no longer in custody.  Moreover, Walker's term of "custody"—a sixty-day suspended sentence with the possibility of imprisonment, see Doc. 37, Exhibit C—was hardly

time enough to give him meaningful recourse to habeas relief.  See Powers, 501 F.3d at 603 (6th Cir. 2007) ("Under these circumstances [plaintiff incarcerated for no more than 30 days], there is no way that Powers could have obtained habeas review of his incarceration."); see also Wilson, 535 F.3d at 263-64, 268 (permitting § 1983 action to go forward where former-prisoner plaintiff "could not, as a practical matter," seek habeas relief, even though plaintiff had served nearly a 12-month term).  Walker is a § 1983 plaintiff who "has no available remedy in habeas, through no lack of diligence on his part," and therefore "is not barred by Heck from pursuing a § 1983 claim."  Cohen, 621 F.3d at 1317.

### 3. Plaintiff states a claim under 42 U.S.C. § 1983

Section 1983 of Title 42, United States Code, provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

To prevail on a claim under § 1983, a plaintiff must prove that (1) a person (2) acting under color of state law (3) violated the plaintiff's federal constitutional or statutory rights.

When police effecting an arrest use excessive force—as measured by an "objective reasonableness" standard—the Fourth Amendment's prohibition on unreasonable searches and seizures is violated.  See Graham v. Connor, 490 U.S. 386, 388 (1989).  A municipality is a "person" within the meaning of § 1983.  See Monell v. Dept. of Soc. Servs. of City of New York, 436 U.S. 658, 690 (1978).  Moreover, a municipality may be liable under § 1983 for its "decision not to train certain employees about their legal duty to avoid violating citizens' rights." Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011).  "[A] municipality's failure to train its

employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'" Id. (quoting City of Canton v. Harris, 489 U.S. 378, 388 (1989)).

Walker's § 1983 claim against the City arises out of the City's alleged failure "to properly train and supervise [its] employees to use reasonable force in effecting an arrest." Doc. 1 at ¶ 44. Walker claims that the City is deliberately indifferent to its employees' constitutional violations. Id. at ¶ 46. In support, Walker pleads the facts above, relating to the events of May 10, 2009. Walker also alleges, "upon information and belief," that the City of Aurora, by custom and practice, fails fully to investigate excessive force claims and does not take appropriate action to protect its citizens from excessive force on the part of police. Id. at ¶¶ 30, 31.

Prior to its decisions in Iqbal and Twombly, the Supreme Court had held that a plaintiff need not meet any heightened pleading standard when alleging municipal liability under § 1983. See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993). Instead, the Leatherman Court reiterated that Rule 8(a) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Id. (quoting Fed. R. Civ. P. 8(a)(2)); cf. Fed. R. Civ. P. 9(b) (requiring pleading "with particularity" only when fraud or mistake are alleged). How Leatherman's holding should be interpreted after Twombly and Iqbal is unclear. See Taylor v. RED Development, LLC, No. 11-2178-JWL, 2011 WL 3880881, at *2-3 (D. Kan. Aug. 31, 2011). And although Iqbal and Twombly have added a "plausibility" requirement to a plaintiff's complaint, see Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570, at the same time, the Twombly Court expressly denied that it was requiring any "heightened fact

pleading of specifics." 550 U.S. at 570. Cf. Leatherman, 507 U.S. at 168 (observing that Rule 9(b)'s heightened pleading standard does not mention municipal liability under § 1983).

In Taylor, 2011 WL 3880881, the District of Kansas addressed the pleading requirements for municipal liability under § 1983 in the wake of Twombly and Iqbal. The Taylor court found a complaint sufficient where it contained not only "a boilerplate recitation of the grounds for municipal liability, [but also made] some additional allegation to put the municipality on fair notice of the grounds for which it [was] being sued." Id. at * 4 (emphasis added). The reasons for not requiring heightened fact pleading in a § 1983 municipal liability complaint remain even in the wake of Twombly and Iqbal: a plaintiff, as an outsider to municipal government, is not expected to have information about a city's official policies, practices, or training programs at the pleading stage. See id. (citing Williams v. City of New York, 690 F. Supp. 2d 338, 344 (S.D.N.Y. 2010); Mitchell v. Twp. of Pemberton, Civ. No. 09-810 (NLH)(AMD), 2010 WL 2540466, at *6 (D.N.J. 2010); and Wilson v. City of Chicago, No. 09-C-2477, 2009 WL 3242300, at *3 (N.D. Ill. Oct. 7, 2009)).

The Court agrees with the reasoning of Taylor. Evaluating the sufficiency of a complaint is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. The Court concludes that Walker has adequately stated a claim of municipal liability under § 1983. Walker's complaint is not just a "boilerplate recitation" of a § 1983 cause of action. Instead, it alleges additional, specific facts relating to the incident at Walker's home on the morning of May 10, 2009, which suffice to put the City of Aurora on fair notice of both the nature of Walker's claim, and the grounds on which the City is being sued. See Twombly, 550 U.S. at 555 n.3. To wit, the complaint alleges that four police

officers, acting "within the scope of their official duties and employment," Doc. 1 at ¶ 40, entered Walker's home on the morning of May 10, 2009; that the officers beat and used Tasers on Walker in a manner that was unreasonable in the circumstances, causing him injuries; that the City had failed to train and to supervise those officers in how to use reasonable force in effecting an arrest; and that the City's failure was the proximate cause of Walker's injuries. To require more could foreclose legitimate § 1983 claims that, after appropriate discovery, turn out to have evidentiary support. See Wilson, 2009 WL 3242300, at *3 ("[A] plaintiff should be given the opportunity to develop an evidentiary record to determine whether he can provide support for his claims."). As pled, Walker's claim is "plausible," and not merely "conceivable." Twombly, 550 U.S. at 547.

### 4. Plaintiff's claim is nonfrivolous

Because Heck does not bar Plaintiff's suit, and because Plaintiff otherwise states a claim, the Court concludes that "the claim[] . . . [is] warranted by existing law." Fed. R. Civ. P. 11(b)(2). Aside from the bar of Heck, Defendant mounts no other challenge to Plaintiff's complaint. There are no grounds for considering sanctions under Fed. R. Civ. P. 11(c), and Defendant's motion for sanctions is DENIED.

IT IS THEREFORE ORDERED THAT

1. The Stipulated Motion for Dismissal and Motion to Recaption (Doc. 54) is GRANTED.

2. Pursuant to Fed. R. Civ. P. 41(a)(1), all claims against Defendants Zepeda, Saupe, Dediemar, and Graham are DISMISSED on the merits and with prejudice.

3. The case is RECAPTIONED <u>David Walker, Plaintiff, v. City of Aurora, Defendant</u>.

4. Defendant City of Aurora's Motion to Dismiss (Doc. 37) is DENIED.

5. Defendant City of Aurora's Motion for Sanctions (Doc. 38) is DENIED.

Dated this ___29th___ day of _____May___, 2012.

                      BY THE COURT:

                      *s/ David M. Ebel*

                      U. S. CIRCUIT COURT JUDGE